AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

FILED
RICHARD W. NAGEL
CLERK OF COURT
2019 APR 23  PM 4:32
U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
WESTERN DIV. DAYTON

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No.  3:19 mj 232 |
| BLAKE JULIAN JOHNSON | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __January 18, 2019__ in the county of __Montgomery__ in the __Southern__ District of __Ohio__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1) & (b)(1)(C) | knowingly and intentionally possessed with intent to distribute a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

_TFO [signature]_
Complainant's signature

TFO GREGORY J. GAIER, FBI
Printed name and title

Sworn to before me and signed in my presence.

Date: 4-23-19

_[signature]_
Judge's signature

City and state:  DAYTON, OHIO

JUDGE WALTER H. RICE, U.S. DISTRICT COURT
Printed name and title

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Gregory J. Gaier, being duly sworn, do hereby depose and state as follows:

## INTRODUCTION

1. I am a Detective with the Dayton Police Department. I have been employed by the City of Dayton since February 1995. I am currently assigned to the Federal Bureau of Investigation's ("FBI") Southern Ohio Safe Streets Task Force as a Task Force Officer ("TFO"). I have received training in drug-trafficking investigations and have participated in numerous narcotics-related investigations (ultimately leading to successful prosecution) that involved surveillance, gathering evidence of money laundering, interviewing suspected drug traffickers, and supervising the activities of informants who provided information and assistance that resulted in the seizure of narcotics. Based on my training and experience, I am familiar with federal drug laws, and I am aware that it is a violation of Title 21, United States Code, Section 841(a)(1) to possess with intent to distribute controlled substances (including fentanyl).

2. This Affidavit is made in support of a complaint and seeks the issuance of a federal arrest warrant against Blake Julian JOHNSON for knowingly and intentionally possessing with intent to distribute a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

3. I, along with other officers, have participated in the investigation of JOHNSON in connection with the conduct detailed in this Affidavit. My knowledge of the facts and circumstances set forth in this Affidavit is based upon my own personal observations, as well as information I have received from other sources, including other law enforcement officers involved in the investigation. In this Affidavit, I have not distinguished between information of which I have direct knowledge and that of which I have indirect knowledge.

4. The facts in this Affidavit are submitted for the purpose of establishing probable cause, and I have elected not to include all factual details gathered to date during the investigation.

## SUMMARY OF PROBABLE CAUSE

5. On January 18, 2019, I was contacted by the Amber Rose restaurant located on the 1400 block of Valley Street in Dayton, Ohio concerning alleged drug sales occurring in the rear parking lot. The contact from the restaurant indicated that someone in a silver Hyundai with tinted windows and a smoked license plate cover would meet with the occupants of numerous other vehicles in the parking lot at all times of day and engage in what appeared to be vehicle-to-vehicle drug transactions.

6. That same day, TFOs Tim Braun, Pat Bell, Dustin Phillips, Jason Rhodes, and I went to the area of the Amber Rose to conduct surveillance on the rear parking lot. Dayton Police Officer Randy Betsinger, driving a marked cruiser and wearing the uniform of the day, assisted in the detail.

7. At approximately 1:40 pm, a white GMC Sierra occupied by two white females arrived in the rear parking lot. The females stayed in the GMC Sierra and did not enter the business. It appeared as if the females were waiting on someone to arrive.

8. A few minutes later, a silver Hyundai Sonata, as previously described by the contact from the Amber Rose, arrived in the rear parking lot. Officers later determined the driver (and sole occupant of the vehicle) to be JOHNSON. JOHNSON pulled next to the GMC Sierra, and the female driver of the GMC Sierra exited her vehicle and approached the passenger window of the Hyundai Sonata. TFO Gaier observed the female engage in a hand-to-hand exchange with JOHNSON. The female then got back into the GMC Sierra and drove away. JOHNSON also left the parking lot in the Hyundai Sonata. TFO Phillips and Officer Betsinger followed the GMC Sierra, while the other TFOs and I followed the Hyundai Sonata.

9. TFO Phillips and Officer Betsinger stopped the GMC Sierra some distance away from the Amber Rose parking lot. When the female driver emerged from the vehicle at law enforcement's request, two capsules of suspected cocaine were visible on the seat. The female driver confessed to TFO Phillips, in sum and substance, that she had purchased the two capsules from the driver of the Hyundai Sonata.

10. The two capsules seized from the female driver of the GMC Sierra were submitted to the Miami Valley Regional Crime Lab ("MVRCL") for analysis. The MVRCL results showed that the two capsules contained cocaine.

11. Separately, TFOs followed JOHNSON to an unknown address on Forest Home Avenue in Riverside, Ohio. JOHNSON backed into the driveway. TFOs then decided to attempt to stop JOHNSON, who saw officers approaching and accelerated out of the driveway. TFO Rhodes deployed stop sticks, which disabled two of JOHNSON's tires, but JOHNSON continued to flee, driving recklessly from the area.

12. JOHNSON lost control of the Hyundai Sonata in the area of 2201 Rondowa Avenue, entering a snow-covered field and spinning his vehicle as he attempted to escape officers. TFOs were subsequently able to take JOHNSON into custody.

13. During a search of the immediate area in which JOHNSON's vehicle had traveled, officers recovered a plastic bag containing approximately 194 gel capsules of suspected fentanyl. The bag was found on top of fresh snow consistent with the bag having been thrown from the Hyundai Sonata. A second plastic bag containing suspected fentanyl was located directly outside of the driver's side door.

14. During a subsequent search of the vehicle, officers observed loose powder all over the front seat. Officers also located an additional three plastic bags of suspected narcotics, a digital scale with suspected drug residue, and seven cellular phones in the vehicle. Additionally, officers recovered a total of $1,366.00 from the vehicle and JOHNSON's person.

15. The narcotics seized from in and around the Hyundai Sonata were submitted to the MVRCL for analysis. The MVRCL results for the submissions showed:

    a. the bag of around 194 gel capsules recovered from the snow field contained fentanyl;

    b. the bag recovered from outside the driver's side door contained fentanyl and cocaine; and

    c. one of the bags recovered from inside vehicle contained fentanyl, and two contained cocaine.

16. JOHNSON was transported to the Dayton Police Department Safety Building, where FBI Special Agent Robert Buzzard and TFO Bell then interviewed him. After being advised of his Miranda Rights and agreeing to answer questions without an attorney present, JOHNSON confessed, in sum and substance, to selling drugs at the Amber Rose parking lot and to possession of the drugs recovered from in and around the Hyundai Sonata.

17. Based on the above, I believe that probable cause exists to conclude that, on January 18, 2019, JOHNSON, while in the Southern District of Ohio, knowingly and intentionally possessed with intent to distribute a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

Further your Affiant sayeth naught.

Gregory J. Gaier, Task Force Officer
Federal Bureau of Investigation
Southern Ohio Safe Streets Task Force

Subscribed and sworn to before me this
23rd day of April, 2019.

JUDGE WALTER H. RICE
UNITED STATES DISTRICT COURT